OPINION
Appellant Adrian Stephens appeals the decision of the Stark County Court of Common Pleas, which denied his motion for return of property previously subjected to forfeiture. The relevant facts leading to this appeal are as follows.
On July 15, 1999, appellant was operating his 1991 Oldsmobile Cutlass in the vicinity of Mahoning Road in Canton, when he was stopped by police for excessive vehicle noise. Appellant orally gave the officers his name, but stated that he could not produce identification. Appellant was then advised that he was under arrest for failing to display a driver's license. The officers conducted a search of the vehicle, resulting in the discovery of crack cocaine and $345 in U.S. currency. On August 24, 1999, appellant was indicted by the Stark County Grand Jury with one count of possession of cocaine in violation of R.C. 2925.11. Appellant sought to have the physical evidence obtained from the search suppressed, which the trial court denied. After thereupon entering a no-contest plea, appellant was convicted and sentenced. This Court affirmed the trial court's denial of the motion to suppress. See Statev. Stephens (May 8, 2000), Stark App. No. 1999CA00360, unreported.
In the meantime, the prosecutor, on August 30, 1999, filed a separate complaint for forfeiture regarding the currency and the Oldsmobile Cutlass. On September 5, 2000, the trial court entered a stipulated judgment entry approved by the prosecutor's office and appellant's trial counsel, stipulating to proper service of the separate complaint for forfeiture and acknowledging that the $345 in U.S. currency represented proceeds of controlled substance transactions. The parties thus stipulated to forfeiture of the currency, but agreed that the Oldsmobile should be returned to appellant. The forfeited currency was disbursed by the court on September 20, 2000. The funds were apportioned in various percentages to the Stark County Prosecutor's Office Law Enforcement Trust Fund and the Canton Police Department's Law Enforcement Trust Fund.
On March 28, 2001, appellant filed a motion to return the forfeited property. The trial court overruled appellant's motion on April 16, 2001. Appellant filed a notice of appeal on May 17, 2001 and herein raises the following sole Assignment of Error:
 I. TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT DENIED MOTION TO RETURN PROPERTY, AS SUCH VIOLATED HIS PROTECTION AGAINST DOUBLE JEOPARDY AND HIS DUE PROCESS RIGHTS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
 I.
In his sole Assignment of Error, appellant argues that the trial court erred in denying his motion to return the $345 in currency. We disagree.
As a general rule, Ohio has considered forfeiture proceedings to be civil actions. State v. Casalicchio (1991), 58 Ohio St.3d 178, 181. The prosecutor in the case sub judice brought the separate forfeiture complaint pursuant to R.C. 2933.42 and R.C. 2933.43. According to R.C.2933.43(C), "[w]here possible, a court holding a forfeiture hearing under this section shall follow the Rules of Civil Procedure." Also, the state's burden of proof is by a preponderance of the evidence. Id. Thus, focusing on the procedural aspects of the case sub judice, the trial court's September 5, 2000 entry allowing forfeiture was in the nature of a judgment entry in a civil action, from which appellant never pursued an appeal. We therefore find that appellant's "motion to return property," filed over six months after the court had disbursed the funds, was not a valid method of vacating the prior forfeiture entry. Accordingly, said motion was properly dismissed by the trial court.
Furthermore, appellant in his brief makes no mention of the fact that his trial counsel, Attorney Wayne Graham, stipulated on his behalf to the forfeiture by signing an agreed judgment entry, securing the return of appellant's automobile in the process. A reviewing court must presume that a properly licensed attorney executes his legal duty to competently represent the client. State v. Smith (1985), 17 Ohio St.3d 98, 100. In the absence of proof to the contrary, attorneys are presumed to represent their clients competently and properly. Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301. We find no grounds for challenging this presumption based on the record before us.
The trial court did not err in denying appellant's motion to return the proceeds of his controlled substance transactions. Appellant's sole Assignment of Error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Hon. W. Scott Gwin, P. J. Hon. Sheila G. Farmer, J. and Hon. John W. Wise, J. concur.